IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

STEVEN BRACK,

      Plaintiff,

v.                                                                                    No. Civ. 06-0618 LH/WDS

OFFICER NICK GONZALES
and the CITY OF ALBUQUERQUE,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

On January 29, 2007, Plaintiff Steven Brack ("Plaintiff") filed "Objections to Magistrate's Order of January 12, 2007 Filed Under Seal" (Doc. No. 34). The Court, having considered the briefs, the applicable law, and otherwise being fully advised, finds that the objections are not well-taken and should be overruled.

**I.    BACKGROUND**

On January 12, 2007, the Honorable Magistrate Judge W. Daniel Schneider entered an Order (Doc. No. 29) on Defendant Officer Nick Gonzales and Defendant City of Albuquerque's ("Defendants") Motion to Compel (Doc. No. 23). Defendants requested the Court to compel Plaintiff to disclose information sought in his deposition about injuries that resulted in his being discharged from the military. Additionally, Defendants asked the Court to compel the information requested in Interrogatory Nos. 18 and 19 and Request for Production Nos. 1, 5, 6, 8, and 14.

After considering the briefs and arguments of the parties, Magistrate Judge Schneider ordered the production within 30 days of Plaintiff's medical bills (Request for Production Nos. 1

and 6) and Plaintiff's tax returns from the last five years, or in the alternative, his W-2 form for any year in which Plaintiff did not file a return (Request for Production No. 8).  If Plaintiff failed to timely produce the medical bills, Judge Schneider ordered that Plaintiff be precluded from introducing any evidence of such damages at trial.  Although Plaintiff had since complied with Request for Production Nos. 5 and 14 as well as Interrogatory Nos. 18 and 19, Judge Schneider found that Plaintiff's responses were not timely.  As to Plaintiff's refusal to answer questions at his deposition concerning injuries that resulted in his military discharge, Judge Schneider determined that Plaintiff had failed to cite a privilege to support his refusal to answer the question and that Plaintiff's affidavit stating that the discharge did not involve his injuries or damages in this case did not substitute for an answer.  Judge Schneider therefore ordered Plaintiff to present himself within 30 days for deposition at his expense to allow Defendants to pursue the question and any matter related to the issue or, in the alternative and at Defendants' option, to provide information on the issue to the satisfaction of Defendants.  Finally, Judge Schneider ordered Plaintiff to pay $250.00 in sanctions for his failure to provide the discovery in a timely fashion without the need for a motion by Defendants.

On January 29, 2007, Plaintiff filed objections to the Order, arguing that the order of sanctions is clearly erroneous.  Plaintiff objects to the order of sanctions to the extent they are based on Plaintiff's failure to produce his medical bills, because Plaintiff timely signed a release for the statements and provided it to Defendants.  Plaintiff also argues that Judge Schneider's order to preclude him "from introducing any evidence of such damages at trial" is vague because it is unclear if the Order means he cannot introduce evidence of his injury, of receiving bills, or only evidence of the exact amount of the bills.  Plaintiff objects to the award of sanctions for his

failing to produce his tax returns because he produced the W-2 for the position in which he was working at the time the injury occurred and he did not have possession of any of his other tax documents.  As to the deposition testimony, Plaintiff asserts that his refusal to answer was done in good faith, and he objects to having to attend a second deposition, arguing that the costs of a second deposition are an undue burden on Plaintiff and are the equivalent of a second sanction. Plaintiff notes that the injury leading to his military discharge -- seasonal depression around the anniversary of his mother's suicide -- was already a subject of the deposition, as defense counsel asked several questions about his counseling in relation to his mother's suicide.  Plaintiff thus contends that he should be allowed to supplement his answer in writing or that Defendants should bear the expense of the deposition.  Finally, Plaintiff asks for reversal of the $250.00 sanction because he did not act in bad faith in responding to any of Defendants' discovery requests.  In response, Defendants contend that the record supports Judge Schneider's Order.

On January 31, 2007, Judge Schneider entered a Stipulated Protective Order (Doc. No. 31) concerning the contested deposition testimony.  The order indicates that Plaintiff agreed to provide information identifying the nature and extent of the injury relating to his military discharge, subject to the agreed upon terms of the protective order.

**II.     STANDARD**

A court reviews a magistrate's order under 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(a).  Rule 72 mandates that a magistrate's order on a non-dispositive matter will not be modified or set aside unless it is found to be "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  *See also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988).  Under this standard, the Court must affirm the decision of the magistrate unless it "on the

entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "Because a magistrate is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is abused." *Comeau v. Rupp*, 762 F.Supp. 1434, 1450 (D. Kan. 1991). The imposition of a fee as a discovery sanction is a non-dispositive matter within the magistrate's discretion. *See Ocelot*, 847 F.2d at 1465 (magistrate's imposition of attorney's fees as discovery sanction subject to clearly erroneous standard). As the Seventh Circuit described the clearly erroneous standard, "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

### III.   DISCUSSION

The record before the Court reveals repeated efforts by Plaintiff to thwart the timely production of discoverable information. Plaintiff failed to timely provide requested photographs to Defendants, despite the fact that the photographs were in Plaintiff's possession. Plaintiff did not provide the Court with a satisfactory explanation for the delay. Similarly, Plaintiff's disclosure of witness and exhibit information was not timely, and Plaintiff failed again to proffer a good reason for the delay.

In regard to the medical bills, Plaintiff did not make a timely effort to obtain the bills and failed to offer a satisfactory explanation for the delay. Plaintiff has since produced the medical statements to Defendants, but only after Defendants filed the motion to compel. Had Plaintiff more promptly made the initial effort to obtain the medical statements, Plaintiff would have

saved both Defendants and the Court considerable time and expense. As to Plaintiff's objection concerning the alleged vagueness of the Court's order to preclude Plaintiff from "introducing any evidence of such damages at trial" if Plaintiff failed to produce the medical bills, Plaintiff has since produced the statements. Therefore, that objection is now moot.

Plaintiff's objection to the order to produce tax returns or W-2 Forms for the last five years is likewise without merit. Plaintiff has placed his lost wages at issue in this case, and thus, Defendant's request for tax returns and W-2 Forms for the past five years is relevant and proper. Judge Schneider's order to produce this information within 30 days was therefore not clearly erroneous.

With respect to his deposition testimony, Plaintiff refused to answer basic questions concerning a prior injury. There was nothing improper about Defendants' questions, given that Plaintiff put damages for physical and emotional injuries at issue in this case. Plaintiff sought to avoid his discovery obligations by asserting an unspecified privilege and refused to even answer whether the injury was a physical or mental injury. At the deposition, Plaintiff's counsel failed to correct her clients' misunderstanding of what is privileged information, leading to the discovery delay and the need for Defendants to file a motion to compel to obtain the information.

The deposition testimony that Plaintiff cites as evidence that defense counsel already asked questions concerning the injury was not responsive to the questions defense counsel asked concerning what injury resulted in Plaintiff's military discharge. In response to a question about why Plaintiff voluntarily attended a mental health treatment program, Plaintiff stated that he attended the program for self-improvement as a result of his mother's suicide. Nothing from this excerpt would indicate to defense counsel that Plaintiff's seasonal depression was the injury

leading to his military discharge.  Moreover, given that Plaintiff acknowledged his seasonal depression in answer to a different question, there is no legitimate reason for Plaintiff to have asserted an unspecified privilege and refused to answer that his seasonal depression resulted in his discharge.  It was therefore not clearly erroneous for Judge Schneider to have ordered Plaintiff to provide information on this issue.

The Court also rejects Plaintiff's request to order his answer through written discovery rather than by deposition.  Generally, depositions offer a better and more efficient way to assess credibility and to ask follow-up questions, and thus, depositions have certain advantages over written discovery.  Additionally, Defendants had a right to the requested information at the deposition.  Defendants therefore should be able to get the information by deposition.  Moreover, Plaintiff's refusal to answer proper questions led to Defendants' need to take a second deposition, and thus, it is only fair that Plaintiff should bear the costs of the deposition.

Although Plaintiff has since provided much, if not all, of the information requested in Defendants' motion to compel, Defendants should not have needed to file such a motion in the first place.  Plaintiff's delays wasted both the time and resources of Defendants and the Court. Sanctions are therefore an appropriate remedy for the repeated discovery delays that occurred in this case. The $250.00 sanction is neither unduly burdensome nor unreasonable.  The Court therefore concludes that Judge Schneider's Order was neither clearly erroneous nor contrary to law.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections to Magistrate's Order of January 12, 2007 Filed Under Seal" (Doc. No. 34) are **OVERRULED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE